# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | |
|---|---|
| SCOTT ELLINGTON, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> HAYWARD BAKER, INC., ) <br> ) <br> Defendant. ) <br> _____) | No. 2:18-cv-3436-DCN <br><br> **ORDER** |

The following matter is before the court on defendant Hayward Baker, Inc.'s ("HBI") motion for attorney's fees, ECF No. 15. For the reasons set forth below, the court grants HBI's motion and awards $12,630.00 in attorney's fees.

## I. BACKGROUND

The court dispenses with a recitation of the facts, as they can be found in the court's previous orders in the case. On February 28, 2019, the court entered an order granting HBI's motion to dismiss and compelling arbitration. ECF No. 13. Judgment in favor of HBI was entered on March 1, 2019. HBI then filed a motion for attorney's fees and a bill of costs on March 14, 2019. ECF Nos. 15 and 16. Ellington responded to both on March 27, 2019, ECF No. 17, and HBI replied on April 3, 2019, ECF No. 18. On June 26, 2019, the court issued an order granting HBI's costs and taking HBI's motion for attorney's fees under advisement. ECF No. 22. The court ordered HBI's counsel to submit its relevant billing records for this case to the court so that the court could review them in camera. HBI provided the court with its counsel's invoices and also sent a copy to Ellington's counsel. With the court's permission, Ellington filed a sur reply to address the invoices, ECF No. 23, and HBI filed a sur sur reply, ECF No. 24.

1

**II. STANDARD**

Federal Rule of Civil Procedure 54(d)(1) provides that "costs—other than attorney's fees—should be allowed to the prevailing party." Under the American Rule, each party normally pays its own attorney's fees, absent some statutory or contractual provision stating otherwise. Key Tronic Corp. v. United States, 511 U.S. 809, 814–15 (1994); see Baron Data Sys., Inc. v. Loter, 377 S.E.2d 296, 297 (S.C.1989) ("The general rule is that attorney's fees are not recoverable unless authorized by contract or statute."). If a ground exists for payment of attorney's fees, then "a claim for attorney's fees and related nontaxable expenses must be made by motion unless the substantive law requires those fees to be proved at trial as an element of damages." Fed. R. Civ. P. 54(d)(2).

**III. DISCUSSION**

In its June 26, 2019 order, the court determined that HBI, as the prevailing party in this matter, was entitled to attorney's fees pursuant to the terms of the contract between Ellington and HBI. The remaining question before the court is whether HBI's requested fees are reasonable. HBI seeks $17,466.00 in attorney's fees and provided an affidavit of Michael Eckard, counsel for HBI, as support for that amount. The affidavit provides the billing rate for the three attorneys who worked on this case and the total amount of fees requested. HBI supplemented its evidence for the basis of its requested fees in its reply by providing the number of hours each attorney spent on the case and citations to cases awarding fees and the accompanying affidavits of other South Carolina attorneys to show that the attorneys' rates are within the prevailing market rates. Then, pursuant to the court's order, HBI produced its invoices for this matter that detail the labor and time expended on this case.

"In calculating an award of attorney's fees, a court must first determine a lodestar figure by multiplying the number of reasonable hours expended times a reasonable rate." Robinson v. Equifax Info. Servs., LLC, 560 F.3d 235, 243 (4th Cir. 2009). Pursuant to Fourth Circuit case law and the local rules of this court, the factors that a district court must consider in determining the reasonableness of the hours and rate are:

> (1) the time and labor expended; (2) the novelty and difficulty of the questions raised; (3) the skill required to properly perform the legal services rendered; (4) the attorney's opportunity costs in pressing the instant litigation; (5) the customary fee for like work; (6) the attorney's expectations at the outset of the litigation; (7) the time limitations imposed by the client or circumstances; (8) the amount in controversy and the results obtained; (9) the experience, reputation and ability of the attorney; (10) the undesirability of the case within the legal community in which the suit arose; (11) the nature and length of the professional relationship between attorney and client; and (12) attorneys' fees awards in similar cases.

Barber v. Kimbrell's, Inc., 577 F.2d 216, 226 (4th Cir. 1978); Local Civ. Rule 54.02(A) (D.S.C.) (requiring petitions for attorney's fees to comply with Barber). "After determining the lodestar figure, the 'court then should subtract fees for hours spent on unsuccessful claims unrelated to successful ones.'" Robinson, 560 F.3d at 244 (quoting Grissom v. The Mills Corp., 549 F.3d 313, 321 (4th Cir. 2008)). Finally, in the last step of this process, the court "then awards some percentage of the remaining amount, depending on the degree of success enjoyed by the plaintiff." Id.

**A. Calculation of Lodestar Figure**

Pursuant to this procedure, the court will first determine the lodestar figure by considering the Barber factors. See E.E.O.C. v. Serv. News Co., 898 F.2d 958, 965 (4th Cir. 1990) ("[T]hese factors should be considered in determining the reasonable rate and the reasonable hours, which are then multiplied to determine the lodestar figure which will normally reflect a reasonable fee."). When considering the Barber factors, the

district court must make detailed findings of facts. 577 F.2d at 226. However, the court need only to consider the Barber factors that apply to the case before it. In re A.H. Robins Co., Inc., 86 F.3d 364, 376 (4th Cir. 1996).

### a. Time and Labor Expended

Originally, HBI simply argued that the time and labor its counsel spent on this case was reasonable and provided the amount of time each attorney spent on this case. Specifically, Mr. Eckard spent 27.9 hours, Ms. Byzet spent 12 hours, and Ms. McMahon spent 4.8 hours. Then, pursuant to the court's order, HBI's counsel produced its invoices that detail each task performed by the attorneys and the amount of time they spent on those tasks so that the court could better determine whether the time and labor expended was reasonable.

The court begins by considering several of Ellington's objections regarding several specific tasks as well as the amount of time used to complete them. Ellington first compares defense counsel spending 13.6 hours[1] drafting their first 14-page motion to dismiss and compel arbitration to Ellington's counsel spending less than 10 hours drafting his 16-page response to the motion. ECF No. 23 at 3. Ellington then points to the fact that HBI's counsel spent 11 hours preparing a 5-page reply, arguing that it took defense counsel the same amount of time to draft one-third of the number of pages that it did Ellington's counsel. Id. Finally, Ellington objects to the fact that HBI spent 4.8 hours preparing for an upcoming hearing and "updating case law" for research that was performed about a month prior when the hearing never occurred. Id.

---

[1] This number is slightly off from the court's calculation of time spent on the motion to dismiss, which is 14 hours.

In response to these time objections, HBI argues that Ellington's argument ignores the fact that HBI had to file its motion to dismiss/compel arbitration only because Ellington refused to voluntarily submit to arbitration, and that HBI had to spend time on its reply because it had to respond to Ellington's meritless arguments in his response.

A review of the docket reflects page lengths of the briefings in this case that are different than the ones provided by Ellington. Despite Ellington's contention, HBI's first motion to dismiss and compel arbitration was 17 pages, ECF No. 5-1, not 14 pages. Ellington's response was 12 pages, ECF No. 6, not 16 pages. HBI's reply to its motion was 14 pages, ECF No. 8, not 5 pages. Therefore, defense counsel spending 14 hours on 17 pages and Ellington's counsel spending less than 10 hours on 12 pages seems to be relatively equivalent. Moreover, defense counsel spending 11 hours on a 14-page reply is about the same time Ellington's counsel spent on a 12-page response. As such, the amount of time drafting briefings appears to be proportional for both counsel.

As for the hours spent updating case law and preparing for the hearing, the court first notes that it does not fault defense counsel for preparing the hearing. Ms. McMahon spent time preparing for the hearing just several days before the hearing was scheduled to take place and before the hearing was cancelled by the court. However, the court declines to hold Ellington responsible for paying attorney's fees for almost five hours of updating case law and preparing for a hearing that did not occur.

The court now determines whether the number of hours expended by HBI's counsel is reasonable. "In making this determination, 'the court should not simply accept as reasonable the number of hours reported by counsel.'" Child Evangelism Fellowship

of S.C. v. Anderson Sch. Dist. 5, 2007 WL 1302692, at *2 (D.S.C. May 2, 2007) (quoting Espinoza v. Hillwood Square Mut. Ass'n, 532 F.Supp. 440, 446 (E.D. Va. 1982)).

In reviewing the invoices, Ms. Byzet spent 5.2 hours drafting the motion to dismiss and compel arbitration, 2.1 hours reviewing Ellington's response and researching for HBI's reply, 3.8 hours researching for the hearing, 0.1 hours corresponding with opposing counsel, and 0.8 hours drafting HBI's renewed motion to dismiss. Mr. Eckard spent 8.8 hours revising the motion to dismiss and researching issues related to the motion, 1.5 hours corresponding with HBI and with opposing counsel, 0.7 hours reviewing and analyze the response to the motion, 0.8 hours reviewing the amended complaint, 0.3 hours finalizing and filing the renewed motion to dismiss, and 15.8 hours researching and drafting HBI's reply. The court finds this amount of time and labor expended to be reasonable with the exception of the time spent by Mr. Eckard on revising the motion to dismiss. The court reduces this amount of time from 8.8 hours to 6.7 hours.

### b. Novelty and Difficulty of the Questions Raised

HBI, the party with the burden of proving the reasonableness of its requested fees, makes no argument as to the novelty and difficulty of the questions raised here, namely, the question of whether arbitration was required. The court finds that the issue of arbitration in this case, which primarily involved contract interpretation, was not particularly novel or difficult.

### c. Skill Required to Properly Perform Legal Services Rendered

Again, HBI makes no argument as to the skill required to properly perform the legal services rendered here. A review of defense counsel's invoices reflect that the legal services provided include research and drafting briefings as well as corresponding with

HBI and with opposing counsel. While skill is certainly required to perform these services, these tasks are "run of the mill" and do not require any special expertise or skill.

### d. Customary Fee for Like Work

The rates charged by HBI's attorneys are $450 an hour for Mr. Eckard and $355 an hour for Ms. Byzet.[2] ECF No. 15-2, Eckard Decl. ¶ 7. In his response, Ellington argued that an affidavit alone is insufficient for establishing a reasonable rate. In its reply, HBI attached affidavits in similar cases to support that its attorneys' rates are reasonable based on other attorneys' rates in similar cases.

The burden of establishing the reasonableness of a rate rests with the party seeking attorney's fees. Plyler v. Evatt, 902 F.2d 273, 277 (4th Cir. 1990). "In addition to the attorney's own affidavits, the fee applicant must produce satisfactory specific evidence of the prevailing market rates in the relevant community for the type of work for which he seeks an award." Id. (internal quotations omitted). The Fourth Circuit has made clear "that market rate should guide the fee inquiry." Id. "The market rate should be determined by evidence of 'what attorneys earn from paying clients for similar services in similar circumstances,' which, of course, may include evidence of what the . . . attorney [for the party seeking attorney's fees] actually charged his client." Depaoli v. Vacation Sales Assocs., L.L.C., 489 F.3d 615, 622 (4th Cir. 2007).

Here, HBI's counsel's rates appear to be higher than the prevailing market rate in South Carolina for employment attorneys. As mentioned above, HBI cites to various similar cases and submitted various affidavits of other attorneys' rates to show that its

---

[2] The court does not discuss the billing rate of Ms. McMahon, as the court found that it would not include the time she spent on the case in its calculation for attorney's fees.

attorneys' rates are in accordance with the market rate for South Carolina employment attorneys. However, the hourly rate in those cases all ranged from $350.00 to $400.00.[3] See ECF No. 18 at 3–4. Ms. Byzet's rate of $355.00 falls within that range, but Mr. Eckard's rate of $450.00 exceeds the upper limit of the range. Moreover, in several of the cases cited, the $350.00 per hour rate was based on contingency cases, and the attorney seeking fees testified that their standard rate in non-contingency employment matters is $300.00. Mullinax v. Parker Sewer & Fire Subdistrict, 2014 WL 12774925, at *12 (D.S.C. Mar. 11, 2014); Faile v. Lancaster County, South Carolina, No. 0:10-cv-2809 (D.S.C. March 8, 2012) (unpublished opinion), ECF No. 102 at 22 (attached to HBI's reply at ECF No. 18-3). Therefore, HBI has provided one case in which $400.00 per hour was found to be reasonable, Sanders v. Lowe's Home Ctrs, LLC, 2016 WL 5404201, at *3 (D.S.C. Sept. 27, 2016); one case in which $350.00 per hour was found to be reasonable, George v. ProMed Ambulance Serv., LLC, No. 2:10-cv-00087-RMG (D.S.C. Oct. 20, 2011) (unpublished opinion) (attached to HBI's reply at ECF No. 18-4); and two cases in which the attorneys represented that their non-contingency rate is $300.00 per hour, Mullinax, 2014 WL 12774925, at *12 and Faile, No. 0-10-cv-2809.

Considering these rates for the purposes of attorney's fees, the court lowers Ms. Byzet's hourly rate from $355.00 to $300.00, and lowers Mr. Eckard's hourly rate from $450.00 to $350.00

---

[3] The court notes that HBI cited the hourly rate in Faile v. Lancaster County, South Carolina as $410.00; however, upon review of the order, the court used a rate of $350.00. No. 0:10-cv-2809, ECF No. 102 at 22 (attached to HBI's reply at ECF No. 18-3).

### e. Results Obtained

The results obtained here were that HBI prevailed in its motion, meaning the case was sent to arbitration and the federal court case was dismissed.

After considering the Baker factors, the court calculates the lodestar figure as follows. The court finds that novelty and skill factors, suggesting a relatively straight-forward case, balance out the results obtained factors, which favors HBI. As such, the court considers the time spent and the attorneys' rates, as adjusted above by the court. Ms. Byzet expended 12 hours at a rate of $300.00, totaling $3,600.00. Mr. Eckard expended 25.8 hours at a rate of $350.00, totaling $9,030.00. This creates a total of $12,630.00 to be awarded in attorney's fees.

### B. Subtraction of Unsuccessful Claims and Percentage Based on Ellington's Success

HBI was successful in this action, meaning that there are no unsuccessful claims for which the court needs to reduce the award of attorney's fees. In addition, the court need not consider reducing the award by a percentage based on Ellington's success, as he was not successful in resisting arbitration.

## IV. CONCLUSION

For the reasons set forth above, the court grants HBI's motion for attorney's fees and awards HBI $12,630.00 in attorney's fees.

**AND IT IS SO ORDERED.**

_____
**DAVID C. NORTON
UNITED STATES DISTRICT JUDGE**

**August 28, 2019
Charleston, South Carolina**